UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fredy S., | File No. 26-cv-961 (ECT/DTS) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Ryan Shea, *Sheriff of Freeborn County*, | |
| Respondents. | |

John Hayden, Quantum Lex PA, Minneapolis, MN, for Petitioner Fredy S.

Ana H. Voss and Friedrich A.P. Siekert, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

David John Walker, Freeborn County Attorney's Office, Albert Lea, MN, for Respondent Ryan Shea.

Petitioner Fredy S. is a citizen of El Salvador who has lived in the United States since 2020. Pet. [ECF No. 1] ¶ 13. Fredy "has a pending asylum application and does not have a final order of removal." *Id.* ¶ 14.[1] On January 7, 2026, Immigration and Customs Enforcement agents operating pursuant to "Operation Metro Surge" arrested Fredy while

---

[1] The Petition later asserts that "[Fredy's] asylum application is approved." Pet. ¶ 30. The Petition does not describe the legal implications of an "approved" versus a "pending" asylum application.

he was "walking home from work to catch the . . . bus." *Id.* ¶¶ 16–17, 19. "[D]uring the encounter, unidentified agents pointed a pistol at [Fredy] and hit him in the ribs and head." *Id.* ¶ 16. The Petition alleges, "[u]pon information and belief," that "Respondents did not have a warrant or probable cause of criminal conduct to justify the arrest." *Id.* ¶ 17. Fredy is currently detained in the Freeborn County detention facility, where he was "denied food for the first three days of his confinement." *Id.* ¶¶ 18, 21. Respondents[2] do not dispute the Petition's facts. *See* ECF No. 5.

Fredy challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 2. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 28–31; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Fredy, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 32–48. Fredy seeks issuance of a writ of habeas corpus requiring Respondents to release him unless they provide bond hearing under 8 U.S.C. § 1226(a); an order enjoining his transfer outside of this District during the pendency of his Petition, and if he has been transferred outside of Minnesota, directing that he be transported back to Minnesota and released here; issuance of an order of release including conditions to ensure Fredy's safety, advance

---

[2] When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Ryan Shea, the Freeborn County Sheriff, did not file a response in these proceedings. *See* Dkt.

notice to counsel, and a return of Fredy's personal effects; issuance of an order of release that enjoins Respondents from implementing any condition of release; reasonable attorneys' fees and costs; issuance of an order directing the United States Marshals to deliver this order to Freeborn County officials to "demand immediate release"; and "any other and further relief that this Court may deem just and proper." Pet. at 14–15.

Respondents argue that Fredy is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* ECF No. 5 at 1–11. This raises an issue of statutory interpretation[3] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Fredy has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-

---

[3] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Fredy's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Fredy has lived in the United States for more than five years. Pet. ¶ 13. His detention falls under § 1226(a) and not § 1225(b)(2).[4]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving

---

[4] Respondents do not argue that Fredy is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Fredy's detention. *See* ECF No. 5.

4

the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).  Here, the Petition alleges that Fredy was arrested without a warrant.  Pet. ¶ 17.  Respondents were ordered to include in their answer "[w]hether the absence of a warrant preceding [Fredy's] arrest necessitates [Fredy's] immediate release."  *See* ECF No. 3 at 2.  Respondents have not produced a warrant, nor have they advanced any specific argument that Fredy's release is an unwarranted remedy.  *See* ECF No. 5.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."  *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[5]

---

[5]   The resolution of this statutory-interpretation question in Fredy's favor makes it unnecessary to address the Petition's remaining grounds.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Fredy S.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as follows:

    a. If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

    b. If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 5, 2026, at 5:00 p.m.         s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court